**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **NICOLAS FRANCOIS JEANTY,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-11-CA-928 SS** |
| | § | |
| **CLAUDE MAYE, WARDEN,** | § | |
| **FCI BASTROP,** | § | |
| **Respondent** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

Before the Court are:  Petitioner Nicolas Francois Jeanty's Application for a Federal Writ of Habeas Corpus Brought Pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1); the Government's Response (Clerk's Doc. No. 9); and Jeanty's Reply (Clerk's Doc. No. 11).  The District Court referred the above motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  PROCEDURAL HISTORY**

On May 5, 2005, Petitioner Nicolas Francois Jeanty, Jr. ("Jeanty"), and Vladimir Perodin, were charged in a two-count indictment in the Southern District of Florida with: conspiring to possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(l) and 21 U.S.C. § 846 (Count One); and intentionally attempting to possess with the intent to distribute five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C.

§ 841(a)(l) (Count Two).  On February 6, 2009, the United States filed an Information of Intent to Seek § 851 Enhanced Penalties Due to Prior Convictions.

On February 13, 2009, following a 5-day trial, a jury returned a verdict of guilty against Jeanty on both counts with regard to distributing 500 grams or more of cocaine.  On February 17, 2009, the government filed a Notice of Filing Indictment with Reduced Charges that Went to Jury for Deliberation—charging Jeanty with 500 grams or more of cocaine rather than five (5) kilograms of cocaine.  On April 23, 2009, the district court sentenced Jeanty to a 120-month term of imprisonment on each count [to be served concurrently], followed by an eight-year term of supervised release, and ordered that Jeanty pay a $200 mandatory assessment fee.  On April 24, 2009, Jeanty timely filed a notice of appeal of the court's judgment.  Subsequently, the Eleventh Circuit Court of Appeals affirmed Jeanty's conviction and sentence in *United States v. Jeanty*, No. 09-12210, slip op. (11th Cir., December 18, 2009).

On June 7, 2010, Jeanty filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  In his motion, Jeanty argued that: (1) he was denied the effective assistance of counsel because his attorney should have investigated the case to establish that a February 23, 2005, telephone call could not have occurred in the informant's ("Alee") presence because the investigating agent's report showed that the informant had already returned to his vehicle and departed the area, negating the possibility that co-conspirator Perodin could have overheard the conversation; (2) the prosecutor altered the transcript after Jeanty rejected a plea offer; (3) and the prosecutor's closing argument was improper regarding the defense expert's testimony and constituted improper vouching of government witnesses.  On July 21, 2010, the district court denied Jeanty's § 2255 motion.

On August 23, 2010, the court issued an amended final judgment and order denying Jeanty's § 2255 motion, after considering Jeanty's August 16, 2010, Motion for Rehearing.  In Jeanty's Reply

to the district court's initial final judgment and order denying his § 2255 motion, Jeanty added 24 new allegations which the district court addressed, including an argument that there was insufficient evidence at trial to establish a conspiracy rather than a buyer-seller relationship.  The district court then again denied Jeanty's motion for § 2255 relief.  On August 30, 2010, Jeanty filed a notice of appeal of the district court's denial of his § 2255 motion.  On October 5, 2010, the Eleventh Circuit Court of Appeals dismissed Jeanty's appeal for failure to pay the filing and docketing fees as required by 11th Cir. R.42-1(b).

On October 27, 2011, Jeanty filed the instant Application for a Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

## II.  ANALYSIS

Jeanty claims that § 2241 is the proper vehicle by which to bring his claim because he is "actually innocent" and thereby subject to § 2241's "savings clause."  Jeanty claims he is "actually innocent" because: (1) he did not conspire with Perodin before Perodin became a government informant on February 24, 2005; thus, the government has failed to established that they violated 21 U.S.C. § 846--conspiracy to possess 500 or more grams of cocaine with intent to distribute ; and (2) once Perodin became a government informant, any agreement between them became void.

Having reviewed the Petition, the undersigned concludes that Jeanty's claims, which allege errors occurring at or prior to sentencing, are not properly brought pursuant to 28 U.S.C. § 2241, but should be brought pursuant to 28 U.S.C. § 2255.  A § 2241 petition on behalf of a sentenced prisoner must attack the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated.  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  In contrast, a § 2255 motion is the proper means of attacking errors that occurred "at or prior to sentencing." *Id*.  A § 2255 motion must be filed in the court that

3

sentenced the defendant, which in this case is the Southern District of Florida. *Id.* The Fifth Circuit has stated that "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." *Id.* (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). Thus, a § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452.

As noted earlier, § 2255 "contains a 'savings clause,' which acts as a limited exception to this general rule." *Id.* The "savings clause" provision in 28 U.S.C. § 2255 states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (emphasis added). "[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.), *cert. denied*, 122 S.Ct. 476 (2001). A petitioner seeking relief under the § 2255 savings clause must demonstrate three things: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Jeffers*, 253 F.3d at 830. "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Reyes-Requena*, 243 F.3d at 903. "'Actual innocence' for the purposes of our savings clause test could only be shown if [petitioner] could prove that based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime." *Jeffers*, 253 F.3d at

4

831 (holding that petitioner could not rely upon savings clause because retroactive Supreme Court decision had no effect on whether the facts in petitioner's case would support his conviction for a substantive offense).

Jeanty has not identified any Supreme Court decision that retroactively applies to his case. Nor has he asserted that he has been convicted of a nonexistent offense, or that his claims were foreclosed by circuit law at the time when the claims should have been raised at trial, on appeal, or in his first first § 2255 petition. *Reyes-Requena*, 243 F.3d at 903. Jeanty arguments clearly do not fall within the "limited exception" found in the savings clause. *See Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). Jeanty has thus failed to carry his burden and failed to establish the inadequacy or ineffectiveness of a motion under § 2255 and his § 2241 petition may not be entertained by this Court. *Jeffers*, 253 F.3d at 830. Accordingly, the undersigned Magistrate Judge finds that this cause of action should be dismissed.

## III.  RECOMMENDATION

The undersigned RECOMMENDS that the District Court DISMISS Petitioner Nicolas Francois Jeanty's Application for a Federal Writ of Habeas Corpus Brought Pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1).

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report

shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of June, 2012.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE